UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TORRANCE JAMAL STEWART, #177080**                                                            **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 3:15-cv-155-CWR-FKB**

**SERGEANT D. FELTON, et al.**                                                            **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. The Court entered an Order [12] on June 15, 2015, granting Plaintiff *in forma pauperis* status. Additionally, the Court entered a separate Order [11] on June 15, 2015, directing Plaintiff to file a response, on or before July 8, 2015, providing additional information concerning his Complaint. Plaintiff was warned that his failure to keep this Court informed of his current address or his failure to comply timely with any Order of this Court could result in the dismissal of this case. *See* Orders [7, 11, & 12]. Plaintiff failed to comply with that Order [11].

The Court then entered an Order to Show Cause [13] on July 21, 2015, directing the Plaintiff to show cause, on or before August 5, 2015, why this case should not be dismissed for his failure to comply with the Court's Order [11] entered on June 15, 2015. In addition, Plaintiff was directed to comply with the Court's Order [11] by filing his response, on or before August 5, 2015. *See* Order [13]. That Order to Show Cause warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order could lead to the dismissal of his Complaint. On July 30, 2015, the envelope [14] containing the Order to Show Cause [13] entered July 21, 2015, was returned by the postal service with the notation "return to sender." Plaintiff failed to comply with that Order [13].

Because of his incarceration and proceeding *pro se*, Plaintiff was provided one final opportunity to comply with the Court's Orders prior to the summary dismissal of this case. On August 19, 2015, a Second and Final Order to Show Cause [15] was entered in this case. Plaintiff was directed to show cause, on or before September 4, 2015, why this case should not be dismissed for his failure to comply with the Court's Orders [11 & 13]. In addition, Plaintiff was directed to comply with the previous Orders by filing his response, on or before September 4, 2015. The Second and Final Order to Show Cause [15] warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint without further notice. On August 28, 2015, the envelope [16] containing the Second and Final Order to Show Cause was returned by the postal service with the notation "return to sender - released 6/24/15." Plaintiff has not complied with three Court Orders and he has not kept the Court informed of his current address.[1]

Plaintiff has not contacted this Court since June 11, 2015. The Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

---

[1] A review of the record reveals that each of the Orders [11, 13, & 15] were mailed to the Plaintiff at his last known address.

Plaintiff has failed to comply with three Court Orders and he has not kept the Court informed of his current address. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005). The Court therefore concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009) (affirming dismissal based on inmate's failure to comply with a court order). Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's Order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

This the 11th day of September, 2015.

                                                            s/Carlton W. Reeves
                                                           UNITED STATES DISTRICT JUDGE